UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL JEFFREY MOCK, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-272-GSL-AZ |
| BENJAMIN GRINER, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael Jeffrey Mock, a prisoner without a lawyer, filed a complaint against Benjamin Griner and Jeffrey Stineburg. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mock alleges that Officer Benjamin Griner arrested him on January 3, 2023, for public intoxication. Chief Deputy Jeffrey Stineburg, with the Wells County Prosecutor's Office, ultimately charged Mock with public intoxication and three additional offenses. Mock's attorney filed a motion to suppress, and Officer Griner testified at a hearing on that motion. Mock indicates that Officer Griner perjured himself at that hearing. More specifically, Mock takes issue with Officer Griner's statement that he knew the meaning

of public intoxication. Mock contends that this statement was false because Officer Griner could not quote Indiana's definition of public intoxication. Mock's attorney read the definition to Officer Griner. In Indiana, the offense of public intoxication includes a reference to endangering one's own life. I.C. § 7.1-5-1-3. When asked if Mock was endangering his own life, he responded with "maybe, possibly or yes." ECF 1 at 3. When asked how, Officer Griner indicated Mock "could have made it to his apartment and continued to use fetynl [sic]." *Id.* Officer Griner was again asked if Mock was endangering his life, and Officer Griner conceded that it "would be a stretch to say that [at] this point." *Id.* Mock represents that he has never knowingly used fentanyl and that a drug test the day after his arrest was positive only for alcohol. A review of the docket for Cause Number 90D01-2301-F6-000006 (available at mycase.IN.gov) indicates that Mock pled guilty to resisting arrest and three charges, including public intoxication, were dismissed. Mock believes he has been maliciously prosecuted, and that Officer Griner should be prosecuted for his false statement.

As an initial matter, Mock does not have a constitutional right to force an investigation into Officer Griner's alleged wrongdoing. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a

constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction").

Mock named Stineburg as a defendant. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore, Mock cannot proceed against Stineburg.

As to Officer Griner, it is well-settled that "[p]robable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (quotations and citations omitted); see also *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.").

Mock asserts that he was the victim of malicious prosecution, but he does not address whether there was probable cause to arrest him. The court has reviewed the probable cause affidavit. According to the affidavit, a call to dispatch by a concerned citizen described an intoxicated man staggering near 426 W. Wabash Street. Officer Griner responded to that call and approached Mock while he appeared to be rapping. His balance was poor, and Officer Griner could smell alcohol. Officer Griner was familiar with Mock from previous encounters, and he knew Mock's behavior to be consistent with Mock's previous behavior when under the influence of alcohol or other substances. Mock was unable or unwilling to cooperate with a breathalyzer, sucking instead of blowing twice, and making lewd jokes. When he offered a very brief blow, quick capture showed a BRaC of .187%. There are additional facts not relevant to Mock's complaint that support charges other than public intoxication, but Mock limits his complaint to that charge, and the court will likewise limit its inquiry to the public intoxication charge.

Mock does not allege that anything in the probable cause affidavit is false. Based on that affidavit and the attached police report, Judge Andrew Antrim made a finding that there was probable cause to arrest Mock. Mock says that Officer Griner lied at a hearing on a motion to suppress, but the alleged lie – that Officer Griner knew Indiana's definition of public intoxication when he was unable to quote it at a hearing on a motion to suppress - is not material to the question of whether there was probable cause to arrest Mock for public intoxication. This is because the existence of probable cause does not turn on Officer Griner's understanding of Indiana's definition of public

4

intoxication. "Determining whether an officer had probable cause to arrest entails a purely objective inquiry; the officer's subjective state of mind and beliefs are irrelevant." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013). Therefore, Mock has not stated a claim for false arrest.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mock's complaint does not state a claim for which relief can be granted, and it seems unlikely Mock will be able to amend his complaint to state a claim. Nonetheless, if Mock believes he can state a claim based on (and consistent with) the events

5

described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Michael Jeffrey Mock until **November 10, 2025**, to file an amended complaint; and

(2) CAUTIONS Michael Jeffrey Mock that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 10, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT